**Ramesh KUMAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71409.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 13, 2007.

Sanjay Sobti, Corona, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS and BERZON, Circuit Judges.

### MEMORANDUM **

Ramesh Kumar, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of his application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part and dismiss it in part.

Where the BIA adopts and affirms the decision of the IJ, we review the decision of the IJ as the final agency determination. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir.2005).

We review an adverse credibility finding under the substantial evidence standard and may reverse only if the evidence compels a contrary conclusion. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004).

Substantial evidence supports the IJ's adverse credibility finding. Kumar testi-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fied that his declaration was in his own words, but the declaration contains descriptions that are almost identical to a public source news article about the events leading up to Kumar's asserted arrest. This issue goes to the heart of Kumar's claim and supports the IJ's adverse credibility finding. *See Li v. Ashcroft,* 378 F.3d 959, 962, 964 (9th Cir.2004). Kumar has not shown that the evidence compels a contrary conclusion. *See Malhi v. I.N.S.,* 336 F.3d 989, 993 (9th Cir.2003).

In the absence of credible testimony, Kumar did not establish eligibility for asylum, withholding of removal or CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

We lack jurisdiction to review Kumar's arguments concerning procedural due process violations and ineffective assistance of counsel. Kumar failed to exhaust his administrative remedies as to these issues because he did not raise them before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004).

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.